BRADLEY, Presiding Judge.
This is a child custody modification case. The parties to this appeal were divorced by the Circuit Court of Covington County on August 27, 1985. The mother was given custody of the parties’ two children, and the father was given visitation privileges.
On August 5, 1987 the father filed a petition asking the court to give him custody of his two daughters. The court heard the matter and awarded the father custody of his two children and gave the mother visitation privileges subject to approval of the father. The mother appeals. We affirm.
The mother first argues that the trial court erred by changing custody of the children from the mother to the father. She says that the father failed to carry the burden placed on him by Ex parte McLendon, 455 So.2d 863 (Ala.1984).
The supreme court in Ex parte McLen-don said that a parent who has lost custody of his child by agreement or court order will not be permitted to reclaim custody of the child unless he can show that the change of custody will materially promote the child’s best interests and welfare. Moreover, he must show that the positive good caused by the change in custody will more than offset the disruptive effect of uprooting the child. McLendon.
The evidence reveals that the parties were divorced in August 1985, and the mother married Frank Murphy in May 1986. The mother and the two children moved into Murphy’s house, which is located in Conecuh County, Alabama.
An incident occurred in December 1986 which, apparently, triggered the father’s interest in obtaining custody of his two daughters. Frank Murphy and the mother’s brother, Tommy Kilpatrick, became involved in a dispute over some traps they were using to capture wild animals. Although in sharp dispute, there is evidence in the record that an argument ensued between Murphy and Kilpatrick concerning the traps, and Murphy ordered Kilpatrick to leave his house. Kilpatrick refused to leave, and Murphy fired a gun at him *866 twice. Kilpatrick said the mother and daughters were present and that the daughters witnessed the altercation. Kil-patrick then obtained a warrant for Murphy for the shooting. Kilpatrick said Murphy used cocaine, marijuana, and alcohol regularly.
The mother’s parents testified that on that same night Murphy and the mother called them many times demanding that they make Kilpatrick drop the charges against Murphy. The mother’s parents also stated that Murphy threatened to kill Kilpatrick.
The mother’s parents and the Covington County sheriff testified that the next day the mother told them that she had been beaten by Murphy the previous night. The parents and the sheriff also said the mother was badly bruised about the chest and face.
There was also testimony that Murphy had placed a pistol to the mother’s throat and threatened her life. Testimony further indicated the children were home when this incident occurred. The maternal grandmother testified that the mother told her that Murphy had not only threatened her life but also had threatened to kill the children. The grandmother further testified that she did not believe that the mother was a fit parent to have custody of the children at the present time.
The evidence also shows that the father has been very diligent in the exercise of his visitation privileges and that he wants custody of his daughters. He lives in the same house where the family lived before the divorce, and the children would have a clean, nice place to live. Further, the father’s mother lives close by and .can look after the children when he is at work.
When a child custody case is presented ore tenus to the trial court, the trial court’s judgment is presumed correct and will not be set aside on appeal unless it is plainly and palpably wrong. Matter of Young, 456 So.2d 823 (Ala.Civ.App.1984).
The record contains sufficient evidence to support the trial court’s finding that the change of custody of the children to the father would materially promote their best interests and that the positive good of such a change would more than offset its disruptive effect.
The mother failed to argue her second issue, and we, therefore, do not consider it. See, Rule 28, Alabama Rules of Appellate Procedure.
The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ., concur.